Opinion issued June 21, 2007








 













In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00101-CR






GREGORY HARDY, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 1050571






MEMORANDUM OPINION


 Appellant, Gregory Hardy, was charged by indictment with the offense of
arson, (1) enhanced by two prior felony convictions--one for burglary of a habitation
and one for robbery. Appellant pleaded not guilty to the primary offense and pleaded
true to the enhancements. A jury found appellant guilty as charged in the primary
offense and found the enhancement paragraphs "true." The trial court assessed
punishment at 65 years' confinement. 

 On appeal, appellant's court-appointed counsel filed a motion to withdraw and
filed an Anders brief stating that she has not found arguable grounds for appeal. (2) 
Appellant filed a pro se response, asserting five issues that he believed constituted
arguable grounds for appeal: (1) the trial court lacked jurisdiction to assess
punishment; (2) his counsel was ineffective for refusing to file a petition for
discretionary review to the Texas Court of Criminal Appeals; (3) the evidence to
support his conviction was legally and factually insufficient; (4) the State engaged in
prosecutorial misconduct because it "manipulated two . . . children into committing
perjury"; and (5) the trial court abused its discretion by sentencing him.

 We conclude that appellant has not raised arguable grounds for appeal, we
affirm, and we grant appellant's counsel's motion to withdraw.


Anders Procedure

 Under Anders, when court-appointed counsel files a motion to withdraw and
files a brief in which she concludes that there are no arguable grounds for appeal, we
review the record and make an independent determination. See Anders v. California,
386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967); Bledsoe v. State, 178 S.W.3d 824,
826 (Tex. Crim. App. 2005); Mitchell v. State, 193 S.W.3d 153, 155 (Tex.
App.--Houston [1st Dist.] 2006, no pet.). We consider any pro se response appellant
may file to the Anders brief, but we do not rule on the ultimate merits of his response. 
Bledsoe, 178 S.W.3d at 826-27; Mitchell, 193 S.W.3d at 156. If we determine from
our independent review of the entire record that the appeal is wholly frivolous, we
may affirm the trial court's judgment by issuing an opinion in which we explain that
we have reviewed the record and have found no reversible error. Bledsoe, 178
S.W.3d at 826-27; Mitchell, 193 S.W.3d at 156. If we find arguable grounds for
appeal, we abate the appeal, remand the case to the trial court, and allow the court-appointed attorney to withdraw. Bledsoe, 178 S.W.3d at 827; Mitchell, 193 S.W.3d
at 156. The trial court then must either appoint another attorney to present all
arguable grounds for appeal or allow the defendant to proceed pro se if he desires. 
Bledsoe, 178 S.W.3d at 827; Mitchell, 193 S.W.3d at 156.


Analysis

 Here, appellant's counsel filed a brief stating that she has diligently reviewed
the record and that, in her opinion, the appeal is wholly without merit. See Anders,
386 U.S. at 744, 87 S. Ct. at 1400; Mitchell, 193 S.W.3d at 154. In her brief, counsel
presented a professional evaluation of the record and explained why there are no
arguable grounds to advance. See High v. State, 573 S.W.2d 807, 811-12 (Tex. Crim.
App. 1978); Mitchell, 193 S.W.3d at 155-56). In accordance with Anders and
Bledsoe, we have reviewed counsel's brief and appellant's pro se response, and we
have conducted an independent examination of the record. See Anders, 386 U.S. at
744, 87 S. Ct. at 1400; Bledsoe, 178 S.W.2d 826-27; Mitchell, 193 S.W.3d at 155-56. 
We conclude that no reversible error exists. 









Conclusion We affirm the judgment of the trial court and grant appellant's counsel's
motion to withdraw. (3)

 


 Laura Carter Higley

 Justice



Panel consists of Chief Justice Radack and Justices Keyes and Higley.

Do not publish. Tex. R. App. P. 47.2(b).


 


1. [1] See Tex. Pen. Code Ann. § 28.02 (Vernon Supp. 2006). 
2. [2] Anders v. California, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400 (1967).
3. 3 Appellant's counsel maintains a duty to inform appellant of the result of this appeal
and of the fact that he may, on his own, pursue discretionary review in the Court of
Criminal Appeals. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997);
Stephens v. State, 35 S.W.3d 770, 771-72 (Tex. App.--Houston [1st Dist.] 2000, no
pet.).